# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| FOREFRONT MACHINING TECHNOLOGIES, INC., | : : : | |
| Plaintiff, | : : | Case No. 3:19-cv-383 |
| v. | : : : | Judge Thomas M. Rose |
| SARIX SA, *et al.*, | : : | |
| Defendants. | : | |

## ENTRY REGARDING INQUIRIES FOR JANUARY 22, 2020 HEARING ON DEFENDANT ALOUETTE TOOL COMPANY, LTD,'S MOTION TO DISCHARGE ATTACHMENT (DOC. 5)

The following are questions or areas that the Court would like the parties to address either at the January 22, 2020 hearing or in evidentiary submissions made prior to the hearing. If the parties agree, then the Court would be willing to rule on "Defendant Alouette Tool Company, LTD's Request for Hearing on Order of Attachment and Motion to Discharge Attachment" (Doc. 5) without conducting an evidentiary hearing on January 22, 2020, if the inquiries below are addressed in evidentiary submissions made prior to the hearing. (In other words, the Court is willing to rule based on the briefing and evidentiary submissions.) However, the parties need not agree to do so. If the parties <u>do</u> agree to do so, then the Court asks that they submit a joint filing stating the same.[1]

---

[1] *See Swartz v. Di Carlo*, No. 1:12CV3112, 2014 U.S. Dist. LEXIS 51933, at *4-5 (N.D. Ohio April 15, 2014) ("Although Di Carlo initially requested a hearing, he has since waived the hearing … and is willing to proceed on the documents filed by the parties."); O.R.C. § 2715.04.

1. Besides the affidavit of Mr. Nold (*see* Doc. 1-4 at PAGEID # 308), what evidence is there that SARIX SA ("SARIX") is a foreign corporation?

2. Besides the affidavit of Mr. Nold (*see* Doc. 1-4 at PAGEID # 308), what evidence is there that the property Forefront Machining Technologies, Inc. ("Forefront") is seeking to attach is located in Ohio?

3. Was Forefront's first written demand for payment to Alouette Tool Company, LTD ("Alouette") and SARIX made on September 18, 2019?

    a. *[If so]* Why did it take so long to make a written demand for payment, if the agreement was terminated approximately two-and-a-half years earlier, on February 2, 2017 (*see* Exhibit 16 to Complaint)?

    b. Was the written demand from September 18, 2019 sent by certified mail?

    c. What evidence is there that SARIX received that written demand? What about with respect to Alouette?

    d. Has there been any response from SARIX to that written demand?

    e. Was there any response from Alouette to that written demand – aside from appearing in this case and filing its motion?

        i. *[If so]* When did that happen and what was the response?

4. Can Forefront confirm that the amount of commissions that it is seeking is $802,340.77—which is the amount it states on page 4 of its opposition brief (Doc. 8 at PAGEID # 676)?

    a. Provide a breakdown of the amounts sought by Forefront into amounts for each machinetool numbered from 1 to 23 (with the Court's understanding being that no commission is still owed for machinetool numbers 1, 2, and 3).

  b. Does that breakdown correspond with the alleged damages in Forefront's original motion: "2% of its commission on two machinetools [#4 & 5], 7% of its commission on eight machinetools [# 6-13], and all 10% of its commission on the remaining at-least ten more identical machinetools [#14-23]" (*see* Doc. 1-4 at PAGEID # 303)?

5. What is the amount of commissions that Forefront alleges it is actually owed from Alouette? From SARIX?

  a. Would there be joint and several liability for those commissions, and what is the authority to support whether or not there would be?

6. Forefront's motion asks for pre-judgment attachment of the remaining payments that Silfex, Inc. ("Silfex") owes to SARIX and Alouette. What is the amount of those remaining payments from Silfex to SARIX and/or Alouette[2]?

  a. What is Forefront's justification for holding the entirety of the remaining payments instead of holding only the amount of commissions allegedly owed?

    i. Is the justification based on seeking treble damages?

7. The state court's attachment order states: "Silfex may deliver the attached proceeds to the Court as they become due to be held in escrow or Silfex may hold those proceeds in escrow itself until further order of the Court." (Doc. 1-5 at PAGEID # 328.) What has Silfex done with the remaining payments that it allegedly owes to SARIX and Alouette following entry of the state court's order on November 1, 2019?

  a. Is that money being held in an escrow account?

---

[2] It appears to the Court that Forefront alleged in its original motion that the amount is approximately $1.2M (*see* Doc. 1-4 at PAGEID # 297); however, it appears that Alouette believes the amount is approximately $2.4M (*see* Doc. 5 at PAGEID # 659).

      i. *[If not]* Where is that money being held?

  b. How much money is being held?

  c. Does Silfex expect to owe money to SARIX or Alouette beyond the money currently being held?

      i. *[If so]* When, how much, and for what purpose?

8. Were the sales for machinetool numbers 14 through 23 made <u>after</u> SARIX and/or Alouette terminated the alleged oral agreement with Forefront on February 2, 2017?

**ISSUED** in Dayton, Ohio, this Monday, January 6, 2020.

                                                                                  s/Thomas M. Rose

                                                                      THOMAS M. ROSE
                                                            UNITED STATES DISTRICT JUDGE